UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS J. CAGGIANO,

    Plaintiff,

v.

                                            Case No. 3:24-cv-663-TJC-SJH

DUVAL COUNTY SCHOOL
BOARD,

    Defendant.

## **O R D E R**

Plaintiff Thomas Caggiano has two lawsuits against his employer, Duval County School Board, this case and another in state court. Both cases challenge recommended discipline for Caggiano, a teacher, based on social media posts, after complaints were made in 2020. Doc. 1 ¶¶1–7, n.1; Doc. 1-5 at 10-13.

The state proceeding has been underway for several years.[1] On November 15, 2021, the Division of Administrative Hearings issued its Recommended Order for the School Board to find Caggiano violated school board rules by two Facebook postings, and discipline should be a written

---

[1] The School Board initially notified Caggiano of the intended discipline in November 2020. Doc. 1-5 at 2. The proposed discipline was amended in April 2021. Id. An administrative hearing was conducted over four days between May and August 2021, resulting in a Recommended Order from Administrative Law Judge Robert J. Telfer III. Id. at 3.

reprimand, a three-day suspension without pay, and required completion of a course in Culture Diversity.[2] Doc. 1-5 at 30. The School Board adopted the Recommended Order and issued its Final Order on January 19, 2022. Doc. 1 ¶53; Doc. 1-8. Caggiano appealed, with the case transferred to the Florida Fifth District Court of Appeal.[3] See Doc. 1 ¶53. Oral arguments were held on September 24, 2024, but no decision has been issued.[4] See Doc. 14 at 9.

This case was filed on July 2, 2024. Doc. 1. The complaint had five counts,[5] but three have been voluntarily dismissed, leaving only Counts I and II. Doc. 19. Count I alleges School Board actions deprive Caggiano of his First Amendment right to free speech. Doc. 1 ¶¶54–61. Count II alleges School Board actions deprive Caggiano of his free speech rights under the Florida Constitution. Id. ¶¶62–68. The School Board seeks to dismiss Count II with prejudice, arguing there is not a private right to action, and then to have the Court abstain from exercising jurisdiction and stay this action as to Count I in light of the pending action in state court. Doc. 14 at 1.

---

[2] The Recommended Order also determined several postings were not in violation of school board rules. Doc. 1-5 at 30.

[3] It is case No. 5D2023-2081, and the docket is publicly available through the Florida Appellate Case Information System, https://acis.flcourts.gov.

[4] The Court has presumed oral arguments occurred as scheduled based on the case docket and calendar of arguments.

[5] The five counts were misnumbered as I, II, IV, IV, and VI – omitting III.

2

The School Board argues Colorado River abstention and a stay are appropriate because "the same issues regarding Plaintiff's discipline are already before a state appellate court . . . ." Id. at 9. Caggiano agrees the two cases are related, but argues they are not identical because the legal standards differ. See Doc. 18 at 4. Even so, as the School Board points out, Caggiano has repeatedly referenced the state proceeding and relied on multiple documents from the state proceeding in this case. See generally Doc. 1, including Docs. 1-2, 1-5, and 1-8.

Abstention is an "extraordinary and narrow exception" from a federal court's duty to adjudicate the controversies before it. Colo. River Water Conservation Dist. v. U.S., 424 U.S. 800, 813 (1979). Abstention is "the exception, not the rule." Id. In limited and exceptional circumstances, certain principles of "wise judicial administration" do permit district courts to dismiss a federal suit "due to the presence of a concurrent state proceeding." Id. at 818. It is possible, but not certain, this could be one of those cases.[6] Because a decision in the state proceeding may impact this case and be forthcoming soon,

---

[6] Here, the parties are the same and the issues are substantially similar. Caggiano generally opposes abstention but does not address the Colorado River factors argued by the School Board. See Doc. 18 at 4-5. Caggiano alleges the actions are not identical because the state case relies on "application of the School Board policy and procedure manual" which is different from the First Amendment analysis here but does not provide further details of any differences. Id. at 4.

the Court finds a stay is appropriate, pending resolution of the state proceeding, and it is not necessary to rule on abstention at this time.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Partially Dismiss Complaint and to Abstain and Stay Proceedings (Doc. 14) is **GRANTED in part and DENIED in part.** This case is stayed pending further Order of the Court.

2. The Parties are directed to file a status report within ten days of a decision by the Fifth District Court of Appeal. If no decision is forthcoming by June 21, 2025, Plaintiff may seek to reopen the case.

3. The Clerk should stay and administratively close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 20th day of February, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies to:

Counsel of record